UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD JAMES CARTER,

    Plaintiff,

v.                           Case No: 2:22-cv-282-JES-MRM

J. MARSHALL, Correction
Officer, VELASQUAZ, Lt.,
and GARMMAN, Captain,

    Defendants.
_____/

## ORDER OF DISMISSAL

    Before the Court is *pro se* Plaintiff Gerald James Carter's civil rights complaint docketed on May 11, 2022. (Doc. 1). As a prisoner, Plaintiff moves to proceed *in forma pauperis*. (Doc. 3) Because the Court finds that Plaintiff is barred from doing so under 28 U.S.C. § 1915(g), it dismisses this action without prejudice.

    Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform

Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted)).  And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."  Lomax, 140 S. Ct. at 1727.

The Court takes judicial notice of three qualifying prior dismissals filed by Plaintiff before this case:

- Northern District of Florida Case No. 5:16-cv-299-LC-CJ, dismissing case for failure to exhaust administrative remedies.  See White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020) (recognizing that failure to exhaust administrative remedies counts as a § 1915(g) "strike" under Eleventh Circuit precedent);

- Middle District of Florida Case No. 3:21-cv-838-BJD-JBT, dismissing case for abuse of the judicial process.  See Rivera v. Allin 144 F.3d 719 (11th Cir. 1998) (finding that a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)")(abrogated on other grounds in Jones v. Bock, 549 U.S. 199 (2007)); and

- Middle District of Florida Case No. 3:22-cv-38-HLA-MCR, dismissing case for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

Also, Plaintiff is not exempt from § 1915(g)'s three-strikes rule, as the complaint does not allege he is in imminent danger of a serious physical injury.  Mitchell v. Nobles, 873 F. 3d 869, 872 (11th Cir. 2017).[1]

---

[1] The gravamen of Plaintiff's complaint is that several officers at Charlotte Correctional Institution used chemical agents on his without cause. (Doc. 1).  However, Plaintiff is no longer incarcerated at Charlotte Correctional Institution. (Id. at 1).

The Court thus dismisses the Complaint without prejudice. If Plaintiff wishes to pursue his claim(s), he must file a new complaint—under a new case number—and pay the $402.00 filing fee.

Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of May 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-2
Copies: All Parties of Record

3